UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST CALVINO JR.,

                        Plaintiff,

                    -against-

ELECTRONIC COURT FILING NOT E-FILE;
ELECTRONIC COURT FILING SCAM,

                      Defendants.

20-CV-564 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff brings this action *pro se*. By order dated January 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Ernest Calvino makes the following allegations:

> I Ernest Calvino don't have privacy rights. I am be[ing] monitor[ed] 24 hours a day, 7 day[s a] week by electronic and the people in the other side of the electronics and some of them [are] enemies (meaning computer theft). Th[ese] people ha[ve] manipulated my cell phones since probably 2017 but for sure on 2018.
>
> I try to make thing on electronic like calls to F.B.I. and my cellphone was bad, and the call was sen[t] to a different phone. I had tr[ied] to file [a] complaint in the internet and the complain[t] had been intercepted.
>
> This ha[s] happe[ned] a few times and I can't use the electronic filing because of that and other reason[s] like computer theft trying to steal information and my rights are obstructed.

(ECF 2, at 6-7.)

Plaintiff seeks the "retur[n] of asset[s], property, bus[i]nesses, money" and seeks "justice." (*Id.* at 7.)

This action is one of at least forty-five actions that Plaintiff has filed *in forma pauperis* in recent months. Because of this abuse of the privilege of proceeding without prepaying the filing fee, the Court directed Plaintiff in *Calvino v. L.*, ECF 1:19-CV-11958 (S.D.N.Y. Jan. 10, 2020), to show cause why he should not be barred from filing new actions IFP without first obtaining leave of court.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Since the Court directed Plaintiff in *Calvino v. L.*, ECF 1:19-CV-11958 (S.D.N.Y. Jan. 10, 2020), to show cause why he should not be barred from filing new actions IFP, Plaintiff has continued to abuse of the privilege of proceeding IFP by filing dozens of additional actions, many of which have been dismissed as frivolous. The Court therefore warns Plaintiff that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties or an order directing the Clerk of Court not to accept further documents for filing.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties or an order directing the Clerk of Court not to accept further documents for filing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 23, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge